# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-01174-JMB |
| DAN BULLOCK, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Self-represented plaintiff Kelly McSean's amended complaint is before the Court on initial review pursuant to 28 U.S.C. § 1915(e). For the following reasons, the Court will issue service as to defendants Katie Harris and Jennifer Beard in their individual capacities and as to defendants Randy Camden, Dolyene Danieley, Hardy White, Remington Appel, and Christina Rayoum in their individual and official capacities. The Court will dismiss without prejudice plaintiff's claims against defendants Katie Harris and Jennifer Beard brought in their official capacities and will dismiss without prejudice defendant Advanced Correctional Healthcare.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that

requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff Kelly McSean has been diagnosed as having gender dysphoria and identifies as a transgender woman. She is a civilly committed sex offender in Missouri who is currently detained at the St. Francois County jail on pending state criminal charges. Plaintiff's amended complaint alleges the following individuals working at the St. Francois County jail violated her Fifth and Fourteenth Amendment rights: Randy Camden (Administrator), Hardy White (Lieutenant), Doylene Danieley (CFO and Canteen Officer), Remington Appel (Corporal), Katie Harris (Registered Nurse), Jennifer Beard (Mental Health Professional), and Christina Rayoum (Corporal). She also names as a defendant Advanced Correctional Healthcare, the company that

provides medical care and mental health treatment to inmates. She names all defendants in both their individual and official capacities.

Plaintiff states that she was diagnosed with gender dysphoria by Misty Kindle, Advanced Practice Registered Nurse (APRN), Psychiatric-Mental Health Nurse Practitioner (PMHNP), at the Southeast Missouri Mental Health Center (SMMHC) on June 21, 2022. She states that this information was included in her medical records, which were supplied by SMMHC to the St. Francois County jail upon her admission. She alleges that Jennifer Beard was aware of this diagnosis upon plaintiff's admission. (Am. Compl. at 15). Specifically, plaintiff states that on August 5, 2022, October 5, 2022, and November 3, 2022, SMMHC employees Brigit Moore and Kimberly Katzenberger notified Advanced Correctional Health Care that plaintiff had been diagnosed with gender dysphoria while in their care. *Id.* at 6-7. Plaintiff alleges she was denied care and treatment for her gender dysphoria at St. Francois County jail by Jennifer Beard and Katie Harris, Advanced Correctional Health Care employees.

On February 2, 2023, defendants Doylene Danieley and Hardy White confiscated plaintiff's women's undergarments, which she had bought at the canteen the day before. *Id.* at 9 and 25. Plaintiff submitted a grievance form that day asking for the return of her undergarments. She asked to be allowed to wear women's undergarments as a treatment for her gender dysphoria. She followed up on this request in a separate request form filed March 7, 2023. In this follow-up request, she also asked to see the jail's policies regarding housing transgender inmates. Remington Appel denied this request, stating "no" on female undergarments and "we have no transgender policies per jail admin[istration]." *Id.* at 17.

On April 7, 2023, plaintiff filed another request form seeking "the final response to the grievance on female undergarments filed back on [February 2, 2023.]" On April 19, 2023, Christina Rayoum answered plaintiff's request, stating, "I do not have the paperwork, but the answer is 'no,' females do not get anything but whites ordered off commissary. Commissary items approved by commissary staff." *Id.* at 19.

On May 27, 2023, plaintiff sent another request to Rayoum, stating, "It is my understanding that the ACLU has contacted you regarding my issues with gender dysphoria. Since [August 30, 2022,] this jail has and continues to unjustly violate my constitutional rights." *Id.* On June 5, 2023, Rayoum answered plaintiff's request, stating, "We will advise the jail admin[istration]." *Id.*

On June 10, 2023, plaintiff filed another request form asking if there had been any changes to the jail's decision to not provide plaintiff women's undergarments. *Id.* at 12. On June 20, 2023, defendant Randy Camden answered plaintiff's request, stating, "Your birth certificate says you were born male. Therefore unless you can prove otherwise your request is denied." *Id.* at 12, 21.

On November 22, 2023, plaintiff filed another medical grievance, stating, "The St. Francois County Detention Center/Jail is currently treating me for my cardiac history. However refuses to treat me for gender dysphoria which Katie Harris was notified on [October 4, 2022] in a transition of care addendum about." *Id.* at 13. In response to this medical grievance, plaintiff was notified by Christina Rayoum that, "We can't treat for gender dysphoria. We do care for cardiac issues. This is only food. If you are a[n] intact male you must be treated like a[n] intact male." *Id.*

Plaintiff states that the Diagnostic and Statistical Manual of Mental Disorders 5 (DSM-5) sets out the care and treatment for gender dysphoria, and specifically states that use of the proper pronouns is a form of treatment for this condition. *Id.* at 14. Plaintiff alleges that in letters dated

November 30, 2023 and December 17, 2023, Katie Harris addressed her using the incorrect pronouns. Plaintiff alleges both Harris and Beard were aware of her diagnosis of gender dysphoria, but were deliberately indifferent to her serious medical needs by not using proper pronouns and not allowing her to wear women's undergarments.

On December 28, 2023, plaintiff filed another medical request stating that the facility would not treat her gender dysphoria. She states that Katie Harris demanded she leave the medical unit before she could see a doctor. Again, she informed the facility of her diagnosis and that the lack of treatment was causing unwanted worry and stress. This request was not answered.

Plaintiff states that there is no official policy at the St. Francois County jail regarding the treatment of transgender inmates. Further, she states it is the unofficial custom of the St. Francois County jail to violate transgender inmate's constitutional rights.

For her injuries, plaintiff alleges she experienced undue worry and stress, mental and emotional distress, mental anguish, medical neglect, fear of authority figures, anxiety, and suicidal thoughts. For each of these eight category of injuries, she seeks $20,000 in compensatory damages, $20,000 for pain and suffering, and $20,000 for punitive damages.

## Discussion

**The Fifth and Fourteenth Amendments**

Plaintiff alleges the denial of the right to wear women's undergarments at the St. Francois County jail violates her rights under the Equal Protection Clause of the Fifth and Fourteenth Amendments. Plaintiff alleges defendants discriminated against her based on her gender identity. The Eighth Circuit faced the issue of whether disallowing transgender inmates to wear gender affirming clothing violated the Equal Protection Clause in *Beard v. Falkenrath*, 97 F.4th 1109,

1116-18. (8th Cir. 2024). In *Beard*, the issue arose when the defendant prison officials sought qualified immunity. The first prong of this qualified immunity analysis would require the Court to determine whether plaintiff, a transgender inmate, had an equal protection right to wear clothing that aligned with her gender identity. The Eighth Circuit did not rule on this issue; however, instead it jumped to the second requirement of the qualified immunity analysis, *i.e.*, whether there was a clearly established equal protection right to wear gender affirming clothing in prison.[1] The Court found that defendants were entitled to qualified immunity because "there was no controlling authority [or] robust consensus of cases of persuasive authority establishing that their actions violated the Constitution." *Id.* (citing *Dean v. Bearden*, 79 F.4th 986, 989 (8th Cir. 1983) (internal quotations omitted)). Plaintiff did not have a *clearly established* equal protection right to wear gender affirming clothing in prison in *Beard*, and therefore defendants were entitled to qualified immunity on this ground. *Id.* (emphasis added).

Here, the Court is presented with the same issue that was left undecided in *Beard*—did defendants violate plaintiff's equal protection rights by not allowing her to wear women's undergarments in prison. Liberally construed, for purposes of initial review, the Court finds plaintiff has stated a plausible claim that defendants have violated her equal protection rights under the Fifth and Fourteenth Amendments by not allowing her to wear undergarments that are consistent with her gender identity. The Court will issue service on defendants Randy Camden,

---

[1] The Eighth Circuit has applied heightened scrutiny to bans on gender transition procedures. *See Brandt ex rel. Brandt v. Rutledge*, 47 F.4th 661, 670 (8th Cir. 2022). But *Brandt* did not involve equal protection rights in the context of prisons. *Id.* The Eighth Circuit is currently considering whether Arkansas may ban gender-affirming medical care for transgender minors. *See* Order Granting Petition for Initial Hearing En Banc, *Brandt ex rel. Brandt v. Griffin*, No. 23-2681 (8th Cir. Oct. 6, 2023).

Hardy White, Doylene Danieley, Remington Appel, Katie Harris, Jennifer Beard, and Christina Rayoum in their individual capacities on plaintiff's claims under the Fifth and Fourteenth Amendments.

**The Eighth Amendment**

Plaintiff does not cite to the Eighth Amendment in her Amended Complaint. She does state in several instances, however, that the St. Francois County jail "refuse[s] to treat my gender dysphoria, a serious medical condition, that I have a current diagnosis for. I am requesting to be treated for gender dysphoria." (Am. Compl. at 13-14). Liberally construed, plaintiff is alleging deliberate indifference to a serious medical need in violation of the Eighth Amendment.

Prison officials may violate the prohibition of cruel and unusual punishment when they are deliberately indifferent to the serious medical needs of transgender inmates.[2] Transgender inmates have successfully petitioned the Court to assert their constitutional rights to medical treatment from prison officials. *See Hicklin v. Precythe*, No. 4:16-cv-1357-NCC, 2018 WL 806764 (E.D. Mo. Feb. 9, 2018) (granting preliminary injunction to provide transgender inmate hormone therapy and access to gender-affirming canteen items); *see also Robinson v. Labrador*, No. 1:24-cv-00306-DCN (D. Idaho Sept. 3, 2024) (granting plaintiffs' motion for preliminary injunction against

---

[2] At all relevant times, plaintiff was a pretrial detainee, so her constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). However, the Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006); *see also Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (stating that a pretrial detainee has the same rights to medical care under the due process clause as an inmate has under the Eighth Amendment).

enforcement of an Idaho Act that would prohibit gender affirming hormones and surgery for transgender inmates).

It is possible that medical treatment for gender dysphoria could include allowing a transgender inmate to wear undergarments consistent with their gender identity. *Hicklin*, 2018 WL 806764; *cf. Long v. Nix*, 86 F.3d 761, 764 (8th Cir. 1996) (noting experts disagree about treatment for gender dysphoria but one expert recommended "inmate be given limited opportunities to wear women's clothes to relieve his anxiety"). Therefore, liberally construed, plaintiff has stated a plausible claim that defendants have violated her constitutional rights by their deliberate indifference to her gender dysphoria. The Court will issue service on defendants Randy Camden, Hardy White, Doylene Danieley, Remington Appel, Katie Harris, Jennifer Beard, and Christina Rayoum in their individual capacities on plaintiff's claims of deliberate indifference to her serious medical need.

**Official Capacity Claims Against the Individual Defendants**

Plaintiff sues the individual defendants in their individual and official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979,

986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff alleges that the St. Francois County jail has no policy regarding the treatment of transgender inmates. She alleges that it was the unofficial custom of the St. Francois County jail to discriminate against transgender inmates by not allowing them access to gender affirming undergarments and by not treating their gender dysphoria.

In order to establish a claim of liability based on "custom," the plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Multiple incidents

involving a single plaintiff can establish a custom if "some evidence indicates that the incidents occurred over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials." *Id.* at 829.

Here, plaintiff alleges she was denied equal protection rights and medical care over the course of eleven months. In this time, she submitted seven grievances regarding these denials to the St. Francois County jail administrative team. Several officials at the jail responded to these grievances, including Randy Camden (Jail Administrator), Hardy White (Lieutenant), Remington Appel (Corporal), Dolyene Danieley (CFO), and Christina Rayoum (Corporal). Based on this information, it is plausible that the St. Francois County jail had a custom of violating the constitutional rights of transgender inmates. The Court will issue process on the complaint as to defendants Randy Camden, Hardy White, Remington Appel, Dolyene Danieley, and Christina Rayoum in their official capacities.

**Defendant Advanced Correctional Healthcare**

Finally, plaintiff has brought her § 1983 claims against defendant Advanced Correctional Healthcare. "A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

-10-

Advanced Correctional Healthcare is the nation's largest jail contract management company, managing contracts for health care in correctional settings, including jails, juvenile detention centers, mental health units, work release centers, and drug rehabilitation centers in 22 states. *See* https://www.advancedch.com/about (last visited Sept. 13, 2024). Plaintiff alleges its two employees working at the St. Francois County jail, Katie Harris (RN) and Jennifer Beard (Mental Health Professional), were deliberately indifferent to her serious medical needs. In order for Advanced Correctional Healthcare to be liable for these two employees' alleged unconstitutional acts, plaintiff has to show that the corporation had a policy, custom, or official action of that caused her injury.

Although defendants Harris and Beard were employed by Advanced Correctional Healthcare, plaintiff has not alleged that either employee was acting under an official policy or custom of Advanced Correctional Healthcare. Unlike plaintiff's allegations as to the St. Francois County jail, where she implicates the jail's entire administrative team, her actions as to Advanced Correctional Healthcare lack any indication that Harris and Beard were acting under any official policy or custom. Therefore, the Court will dismiss this defendant for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process on plaintiff's amended complaint as to defendants Randy Camden, Hardy White, Doylene Danieley, Remington Appel, and Christina Rayoum in their individual and official capacities by serving them at the address listed in plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on plaintiff's

amended complaint as to defendants Katie Harris and Jennifer Beard in their individual capacities by serving them at the address listed in plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Katie Harris and Jennifer Beard brought in their official capacities are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Advanced Correctional Healthcare are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 13th day of September, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE