# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Consolidated Case |
| v. ) | No. 4:23-cv-01174-JMB |
| ) | |
| DAN BULLOCK, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ──────────────────────── ) | |
| ) | |
| KELLY MCSEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Associated Case |
| v. ) | No. 4:23-cv-01706-JMB |
| ) | |
| KATIE HARRIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Katie Harris's Motion to Set Aside the Clerk's Entry of Default and/or for Leave to File Answer Out of Time. ECF No. 49. Also before the Court is Plaintiff Kelly McSean's Amended and Second Amended Motions for Default Judgment. ECF Nos. 50 and 51.

The three pending motions were originally filed in Plaintiff's similar case captioned *McSean v. Harris*, No. 4:23-cv-1706-JMB (E.D. Mo.). In that case, the sole Defendant, Katie Harris, was served with process on June 5, 2024 at the St. Francois County Sheriff's Department in Farmington, Missouri. *Id.* at ECF No. 29.[1] Defendant Harris failed to answer or otherwise file

---

[1] All citations in this paragraph to ECF numbers refer to those on the docket sheet for *McSean v.*

a responsive pleading within the time required by Rule 12 of the Federal Rules of Civil Procedure. Plaintiff subsequently filed a motion seeking an entry of a Clerk's Default against Defendant Harris. *Id.* at ECF No. 32. On July 29, 2024, the Chief Deputy Clerk for the Eastern District of Missouri entered a Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *Id.* at ECF No. 41. Plaintiff subsequently filed a motion asking this Court to enter a default judgment against Defendant Harris pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *Id.* at ECF No. 35. The Court denied the request because Plaintiff had not established, with reasonable certainty, the basis for her alleged damages. *Id.* at ECF No. 42. Plaintiff was given additional time to file an appropriate motion for entry of default judgment supported by all necessary affidavits and documentation. *Id.* Plaintiff filed a second motion for default judgment, which was not in compliance with the Court's instructions. *Id.* at ECF No. 43. Consequently, the Court appointed counsel for Plaintiff. *Id.* at ECF No. 48.

On December 13, 2024, upon Defendant Harris's request and pursuant to Fed. R. Civ. P. 42, the Court consolidated *McSean v. Harris*, No. 4:23-cv-1706-JMB (E.D. Mo.) into the instant action. The Court permitted the consolidation because both complaints involved common questions of law and fact, for the parties to avoid unnecessary costs, and to promote judicial efficiency. Consequently, all filings pertaining to Plaintiff's motions for default judgment and Defendant Harris's motion to set aside default in Case No. 4:23-cv-1706-JMB were docketed in the instant matter.

Pending in the consolidated case is now: (1) Plaintiff's Amended Motion for Default Judgment, which was filed prior to the Court's appointment of counsel, ECF No. 51; (2) Plaintiff's

---

*Harris*, No. 4:23-cv-1706-JMB.

2

Second Amended Motion for Default Judgment, filed by Plaintiff's appointed counsel, ECF No. 50; and (3) Defendant's Motion to Set Aside Clerk's Entry of Default and/or For Leave to File Answer Out of Time. ECF No. 49. Within the Motion to Set Aside, Defendant Harris explains that an answer was inadvertently not filed because Plaintiff had commenced three similar cases against her around the same timeframe (Case Nos. 4:23-cv-1174-JMB, 4:24-cv-94-SEP, and 4:23-cv-1706-JMB), which created some confusion on her behalf. As such, her counsel was not on notice of the lawsuit because Defendant Harris did not remember being served with the complaint in Case No. 4:23-cv-1706-JMB.

The Court concludes that there was no bad faith present in the default, that Defendant Harris has presented a meritorious defense, and that there is an absence of prejudice shown. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (setting forth factors court considers in determining whether to set aside entry of default). Given those factors and recognizing that there is a "judicial preference for adjudication on the merits," the Court will grant Defendant's Motion to Set Aside Clerk's Entry of Default. *See Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). Consequently, the Court will deny Plaintiff's motions for default judgment,

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Default Judgment [ECF Nos. 50 and 51] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Set Aside Clerk's Entry of Default and/or For Leave to File Answer Out of Time [ECF No. 49] is **GRANTED**, and the Clerk's Entry of Default is **SET ASIDE**.

**IT IS FURTHER ORDERED** that Defendant Katie Harris must file her Answer within **five (5) days** of the date of this Memorandum and Order.

Dated this 22nd day of January, 2025.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE